IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY L. GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-343-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The claimant Tony L. Graham requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. As set forth below, the decision of Commissioner is hereby REVERSED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on February 19, 1969, and was thirty-nine years old at the time of the administrative hearing.  (Tr. 29, 87).  He has a ninth or tenth grade education and has worked as a delivery driver, aircraft cleaner, cleaner, forklift driver, laborer, and machine operator.  (Tr. 29).  The claimant alleges inability to work since November 29, 2006 due to hepatitis C and neck problems from a car accident.  (Tr. 87, 120).

## Procedural History

On January 8, 2007, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.  (Tr. 87-89).  His application was denied.  ALJ Richard J. Kallsnick conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated February 19, 2009.  (Tr. 15-24).  The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal.  *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He found that the claimant had the ability to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b), but was "limited to overhead reaching on a consistent basis."  (Tr. 17). The ALJ concluded that although the claimant was unable to perform his past relevant

work, he was nevertheless not disabled because there was other work he could perform in the national economy with skills acquired during his past relevant work, *i. e.*, laundry sorter, marker/pricer, trimmer, and sorter. (Tr. 23).

### Review

The claimant contends that the ALJ erred: (i) by failing to consider *all* of his impairments throughout the evaluation process; and (ii) by failing to properly evaluate his credibility. In light of new evidence submitted to and considered by the Appeals Council, the Court finds the claimant's first contention persuasive.

The ALJ determined that the claimant's insured status expired on March 31, 2010. The relevant medical evidence reflects that the claimant was in a November 2006 car accident that caused an acute cervical disc injury. (Tr. 180, 189). The claimant's treating physician, Dr. Shepler, referred him for an MRI and eventual surgery. (Tr. 180, 189). Dr. Patrick Han performed an anterior cervical diskectomy, with fusion and plating at C6-7. (Tr. 234-39). The claimant returned at three, seven, and twelve weeks post-surgery, and Dr. Han reported at the twelve-week appointment that his arm pain was significantly better and that the wound had completely healed. (Tr. 266-68). The claimant continued to report neck and/or back pain and to seek relief from that pain from Dr. Shepler and the St. John Medical Center Emergency Room through 2010. (Tr. 309, 331, 333, 452, 467-70, 583-87, 593-94).

In June 2009, the claimant began mental health treatment at CREOKS Behavioral Health Center for depression, PTSD, nightmares, and anger management. (Tr. 485-97).

He was initially assigned a Global Assessment of Functioning ("GAF") score of 47, and he continued to seek treatment through the first part of 2010. (Tr. 483-84, 496, 563-71).

At the administrative hearing, the claimant testified that he has neck problems from a November 2006 car accident, stomach problems, ulcers, carpal tunnel syndrome, and numbness in his feet. (Tr. 30). He testified that he has undergone surgery on his neck and that his neck is better than it was, but that he still experiences a "cramp in my neck all the time." (Tr. 31). He also testified that he suffers from migraine headaches daily; that he had carpal tunnel surgery in 2000; and that he is not receiving treatment for his hepatitis C because he can no longer afford it, and that the hepatitis C makes him feel tired a lot, so he takes daily three-hour naps. (Tr. 32-33). The claimant further testified that his face breaks out in red dots when he overexerts himself, but that it resolves when he rests. (Tr. 33-34). The claimant also stated that he takes medications that make him drowsy and dizzy, and that he occasionally helps out around the house. (Tr. 35-36).

In his written opinion, the ALJ summarized the claimant's hearing testimony and function report, as well as the available medical evidence through April 2008, and found that the testimony claimant's testimony as to symptoms was not credible "to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 21). The ALJ noted that the claimant's neck surgery was deemed a success by his surgeon; that his report of no pain twelve weeks post surgery belied his testimony of continued neck and back pain; that the record did not support the claimant's complaints of pain and

numbness to the extent alleged, and that the claimant's rash was diagnosed as rosacea and treated with medications. (Tr. 220-22).

The claimant's contention that the ALJ failed to properly evaluate all the medical evidence is bolstered by evidence submitted to the Appeals Council after the hearing, which included additional evidence as to the claimant's continued complaints of neck and back pain and evidence as to the claimant's mental impairments. The Appeals Council was required to consider this evidence if it is: (i) new; (ii) material; and, (iii) "related to the period on or before the date of the ALJ's decision." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004), *quoting Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995). The parties do not address whether the evidence submitted by the claimant after the hearing qualifies as new, material, and chronologically relevant, but the Appeals Council *did* consider it, and the Court therefore has no difficulty concluding that it does qualify.

First, evidence is new if it "is not duplicative or cumulative." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003), *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991). Some of the additional records from Dr. Shepler were duplicative, but most of the evidence submitted to the Appeals Council clearly was new evidence. In particular, the treatment records from CREOKS Behavioral Health Services, the ER records from St. John's, and numerous treatment notes from Dr. Shepler (a treating physician) were never presented to the ALJ prior to his decision and were thus neither duplicative nor cumulative. Second, evidence is material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at

1191, *quoting Wilkins*, 953 F.2d at 96.  The evidence must "reasonably [call] into question the disposition of the case." *Id.  See also Lawson v. Chater*, 1996 WL 195124, at *2 (10th Cir. April 23, 1996).  In discounting the claimant's credibility as to the severity of his impairments, the ALJ relied, at least in part, on the conflict between his testimony as to his neck pain and his report to his surgeon that he was pain-free.  But later records submitted to the Appeals Council indicate that the claimant continued to seek treatment for neck and back pain, and mental health treatment as well (resulting in the assignment of the GAF score of 47).  (Tr. 452, 467-70, 485-97, 563-71, 583-87, 593-94).  This evidence suggests the claimant has impairments discounted or completely unaccounted for in his RFC, and it is therefore clearly material.

Finally, the evidence is chronologically relevant if it pertains to the time "period on or before the date of the ALJ's Decision." *Kesner v. Barnhart*, 470 F. Supp. 2d 1315, 1320 (D. Utah 2006), *citing* 20 C.F.R. § 404.970(b).  Some of the records submitted by the claimant after the administrative hearing do cover a period after the last insured date, but evidence of the claimant's condition *after* the termination of his insured status may be relevant to the existence or severity of his impairments *before* termination.  *See Basinger v. Heckler,* 725 F.2d 1166, 1169 (8th Cir. 1984) ("[M]edical evidence of a claimant's condition subsequent to the expiration of the claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status."), *citing Bastian v. Schweiker,* 712 F.2d 1278, 1282 n.4 (8th Cir. 1983); *Dousewicz v. Harris,* 646 F.2d 771, 774 (2d Cir. 1981); *Poe v.*

*Harris,* 644 F.2d 721, 723 n. 2 (8th Cir. 1981); *Gold v. Secretary of H.E.W.,* 463 F.2d 38, 41-42 (2d Cir. 1972); *Berven v. Gardner,* 414 F.2d 857, 861 (8th Cir. 1969).

The evidence presented by the claimant after the administrative hearing thus *does* qualify as new and material evidence under C.F.R. §§ 404.970(b) and 416.1470(b), and the Appeals Council considered it, so the newly-submitted evidence "becomes part of the record . . . in evaluating the Commissioner's denial of benefits under the substantial-evidence standard." *Chambers*, 389 F.3d at 1142, *citing O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). In light of this new evidence, the Court finds that the decision of the Commissioner is not supported by substantial evidence for several reasons.

The ALJ's written decision does not address records from CREOKS Behavioral Health Services, nor the later treatment notes from Dr. Shepler. As he was the claimant's treating physician, the opinions expressed by Dr. Shepler about the claimant's functional limitations in his treatment notes were entitled to controlling weight if they were "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If for any reason such opinions were not entitled to controlling weight, the ALJ was required to analyze the proper weight to give them by applying "all of the factors provided in [§] 404.1527." *Id.*, *quoting Watkins*, 350 F.3d at 1300, *quoting* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4. *See also Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate every medical opinion in the record,

although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give *any* medical opinion.") [citation omitted], *citing Goatcher v. United States Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995).  No such analysis of Dr. Shepler's opinions has been performed.  Furthermore, the ALJ made no mention of the claimant's mental impairments, and therefore failed to perform the required psychological review technique ("PRT") analysis.  *See, e. g., Cruse v. U.S. Department of Health & Human Services*, 49 F.3d 614, 617 (10th Cir. 1995) ("When there is evidence of a mental impairment that allegedly prevents a claimant from working, the [ALJ] must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a and the Listing of Impairments and document the procedure accordingly."), *citing Andrade v. Secretary of Health & Human Services*, 985 F.2d 1045, 1048 (10th Cir. 1993).  *See also Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) (although not required to prepare the PRT form, the ALJ is "to document application of the technique in the decision."), *quoting* 20 C.F.R. §§ 1520a(e), 416.920a(e).

      The ALJ had no opportunity to perform a proper analysis of the newly-submitted evidence in accordance with the authorities cited above, and the Commissioner's decision must therefore be reversed and the case remanded for further proceedings.  On remand, the ALJ should re-assess the claimant's RFC in light of the new evidence, and then re-determine the work she can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied, and the Commissioner's decision is not supported by substantial evidence. Consequently, the decision of the Commissioner is hereby REVERSED and the case hereby REMANDED for further proceedings consistent herewith.

**DATED** this 29th day of September, 2011.

*/s/ Steven P. Shreder*
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma